IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| CARMEN BETHANCOURT,<br><br>   Plaintiff,<br><br>v.<br><br>WAL-MART STORES EAST, LP<br><br>   Defendant | Civil Action No.<br><br><br>JURY TRIAL DEMANDED |

## COMPLAINT FOR EQUITABLE RELIEF AND DAMAGES

COMES NOW, Carmen Bethancourt ("Plaintiff" or "Ms. Bethancourt"), by and through her undersigned counsel, and files this, her Complaint for Equitable Relief and Damages against Wal-Mart Stores East, LP ("Defendant"), and shows the Court as follows:

## NATURE OF COMPLAINT

1.

Plaintiff brings this action for equitable relief, damages, and costs, expenses and reasonable attorney fees against Defendant Walmart Stores East, LP ("Defendant") for violations of her rights under the Americans with Disabilities Act

of 1990, as amended, 42 U.S.C. § 12111 et seq. ("ADA"), and the Family and Medical Leave Act ("FMLA"), 29 U.S.C. § 2601, et. seq.

## JURISDICTION AND VENUE

2.

Plaintiff invokes the jurisdiction of this court pursuant to 28 U.S.C. §§ 1331, and 42 U.S.C. § 2000e-5(f).

3.

The unlawful employment practices alleged in this Complaint were committed within this district. In accordance with 28 U.S.C. § 1391, and 42 U.S.C. §2000(e)-5(f), venue is appropriate in this Court.

## ADMINISTRATIVE PROCEDURES

4.

Plaintiff has fulfilled all conditions necessary to proceed with this cause of action under the ADA. Plaintiff timely filed her Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") on November 17, 2021. The EEOC issues its Notice of Right to Sue on October 20, 2022, entitling an action to be commenced within ninety (90) days of receipt of that notice.

5.

This action is being commenced within 90 days of the receipt of the Notice of Right to Sue..

## PARTIES

6.

Plaintiff is a female citizen of the United States of America and is subject to the jurisdiction of this Court.

7.

At all times relevant, Defendant was qualified and licensed to do business in Georgia, and at all times material hereto has conducted business within this District.

8.

At all such times, Plaintiff was an "employee" of Defendant as defined under the ADA at 42 U.S.C. § 12111(4).

9.

Plaintiff  has been employed with Defendant for more than 12 months and worked more than 1250 hours in the 12 months preceding the date of her FMLA protected absence.

10.

During 2021 and 2020, Defendant employed fifteen (15) or more employees on each working day of 20 or more calendar weeks. Defendant is therefore covered under the ADA in accordance with 42 U.S.C. § 12111(5).

11.

Throughout Plaintiff's employment, Defendant has employed fifty or more employees, within a 75-mile radius of Plaintiff's employment.

12.

Defendant may be served with process by delivering a copy of the summons and complaint to its Registered Agent, The Corporation Company, located at 106 Colony Park Drive Ste. 800-B, Cumming, GA, 30040-2794.

**FACTUAL ALLEGATIONS**

13.

Plaintiff began working for Defendant on or about February 10, 2020. Her last position was Self-Checkout Cashier.

14.

Plaintiff suffers from the chronic physical impairment of edema.  Plaintiff's edema causes her feet to swell to the point that she cannot stand or walk.

4

15.

Plaintiff made Defendant aware of her disabling impairment of edema at least as early as December 18, 2020, when she requested medical leave and reasonable accommodations and provided medical certification of her need for both.

16.

Plaintiff requested intermittent leave and other accommodations to mitigate the severity of Plaintiff's symptoms and permit her to continue to work.

17.

On May 22, 2021, Plaintiff saw her doctor and was given a certification of her need for medical leave for May 22 and 23, 2021, which records she provided to Defendant upon return to work on May 24, 2021.

18.

Defendant falsely claimed to the Equal Employment Opportunity Commission that it terminated Plaintiff on May 23, 2021, when its own records reflect that she was terminated on May 24, 2021.

19.

Plaintiff's physical impairment of pedal edema is an impairment of the circulatory system and, accordingly, is an impairment of a major bodily function.

20.

Without ameliorative measures, Plaintiff's pedal edema would cause increased risk of infection, as well as increasingly painful swelling, stiffness, difficulty walking, stretched or itchy skin, skin ulcers, scarring between layers of tissue, and decreased blood circulation.

21.

Defendant's Human Resources personnel acknowledged to Plaintiff that it was in receipt of the medical certifications and requests for accommodation at the time that Plaintiff was terminated.

22.

Plaintiff was terminated from her employment on the date she sought to return from protected medical leave.

23.

Plaintiff was told that she could not return to work because of the restrictions contained in her request for accommodations and was then terminated.

24.

Walmart did not engage in an interactive process with Plaintiff to attempt to determine what accommodation could reasonably be provided to Plaintiff.

25.

Defendant terminated Plaintiff because she had a record of a disability and/or because it regarded her as disabled and/or because she engaged in protective activity.

26.

Plaintiff's disability status and/or request for a reasonable accommodation of the same were a substantial or motivating cause of the adverse employment action.

27.

Plaintiff was terminated because of her impairment and in retaliation for requesting reasonable accommodations, including FMLA protected leave.

28.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this purported justification was itself a violation of the ADA and the FMLA.

29.

Plaintiff was treated less favorably in the terms or conditions of employment than others outside of her protected class, i.e. non-disabled employees and/or employees who did not request a reasonable accommodation for their disability.

30.

Pursuant to the ADA, Plaintiff is entitled to relief, including but not limited to reinstatement, back pay to the date of final judgment, lost benefits, compensatory damages for personal physical injury or physical sickness, compensatory damages for emotional distress, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

31.

Pursuant to the FMLA, Plaintiff is entitled to relief, including but not limited to reinstatement, back pay to the date of final judgment, an equal amount in liquidated damages, lost benefits, attorneys' fees, costs of litigation, and all other relief recoverable under the FMLA.

## CLAIMS FOR RELIEF

## COUNT I:  DISABILITY DISCRIMINATION IN VIOLATION OF ADA

32.

Plaintiff re-alleges paragraphs 1 through 31 as if set forth fully herein.

33.

Plaintiff had a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, working, and standing.

34.

Plaintiff's requested accommodations which were contained in the May 24, 2021 medical certification from Kaiser Permanente included intermittent leave, no continuous standing for greater than five (5) minutes, 2) no continuous walking for greater than five (5) minutes, and that she should be sitting for more than seventy-five percent (75%) of the time during working hrs.

35.

As a Self-Checkout Cashier, Plaintiff's essential function was observing customers checking out through the self-checkout registers, along with providing occasional assistance to these customers.

36.

Plaintiff's requested accommodations were reasonable, in light of her primary and regularly performed job functions.

37.

Defendant was aware of Plaintiff's disability.

38.

Defendant regarded Plaintiff as having a disability such that she is a person with a disability and/or perceived disability within the meaning of the ADA, as amended.

39.

Plaintiff has a record of having a disability and/or perceived disability such that she is a person with a disability within the meaning of the ADA, as amended.

40.

At all times relevant to this action, Plaintiff was a qualified individual with a known or perceived disability as defined in the ADA.

41.

Defendant terminated Plaintiff's employment because of her disability, perceived disability, and/or record of having a disability.

42.

Defendant terminated Plaintiff's employment because of her requests for accommodations.

43.

By terminating Plaintiff's employment because of her disability (including her need for accommodations), her record of having a disability, and/or Defendant's perception that she had a disability, Defendant violated the ADA, as amended.

44.

Although Defendant purports to provide a legitimate non-discriminatory reason for the adverse action, this reason is a pretext for disability discrimination.

45.

Defendant treated non-disabled employees Plaintiff's protected class more favorably.

46.

Defendant's actions in subjecting Plaintiff to less favorable terms and conditions of employment constitutes unlawful discrimination on the basis of this violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12111 *et seq.*, 42 U.S.C. 2000e et seq. and 42 U.S.C. section 1981a.

47.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's discrimination against Plaintiff was undertaken in bad faith.

48.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

49.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, personal physical injury and physical sickness, emotional distress, inconvenience, humiliation, and other indignities.

50.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful discrimination, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff such that Plaintiff is entitled to punitive damages.

51.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT II:  FAILURE TO ACCOMMODATE IN VIOLATION OF ADA

52.

Plaintiff re-alleges paragraphs 1-32, 34-38, 43, 47-49, and  51-52 as if set forth fully herein.

53.

Plaintiff has a physical impairment which substantially limits one or more major life activities including but not limited to moving, lifting, bending, twisting, pushing, pulling, and standing.

54.

Plaintiff's physical impairment is a "disability" within the meaning of the ADA, as amended.

55.

Defendant was aware of Plaintiff's disability.

56.

At all times relevant to this action, Plaintiff was a qualified individual with an actual disability as defined in the ADA.

57.

Plaintiff was able to perform the essential functions of her job with a reasonable accommodation.

58.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on or about December 18, 2020, when she provided medical certification of her need for accommodations.

59.

Plaintiff requested that Defendant accommodate her disability, as stated above.

60.

Upon receiving Plaintiff's request for an accommodation, Defendant failed to engage in the interactive process with Plaintiff regarding her request for a reasonable accommodation of her disability.

61.

Defendant failed to provide Plaintiff with reasonable accommodations, even though to do so would not impose an undue hardship.

62.

By refusing to accommodate Plaintiff, Defendant violated the ADA, as amended.

63.

Defendant has willfully and wantonly disregarded Plaintiff's rights, and Defendant's failure to accommodate Plaintiff's disability was undertaken in bad faith.

64.

The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected her status as an employee because of her disability.

65.

As a proximate result Defendant's violation of the ADA, Plaintiff has been made the victim of acts that have adversely affected her psychological and physical well-being.

66.

As a result of Defendant's discriminatory actions against Plaintiff, she has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

67.

Pursuant to the ADA, as amended, Plaintiff is entitled to damages including but not limited to back pay and lost benefits, reinstatement, compensatory damages, equitable relief, attorneys' fees, costs of litigation and all other relief recoverable under the ADA, as amended.

68.

Defendant discriminated against Plaintiff, and, in failing and refusing to take any appropriate remedial action to remedy the unlawful employment practices, has not only deprived Plaintiff of equal employment opportunities, but exhibited malice or reckless indifference to the federally protected rights of Plaintiff.

69.

Plaintiff thus seeks compensatory and punitive damages pursuant to §102(a)(1) of the Civil Rights Act of 1991, 42 U.S.C. § 1981a(b).

## COUNT III:  FMLA INTERFERENCE

70.

Plaintiff re-alleges paragraphs 1-31 as if set forth fully herein.

71.

Defendant is an 'employer' as defined by the FMLA.

72.

Plaintiff was an eligible employee under the FMLA.

73.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

74.

Plaintiff was employed by Defendant for more than 12 months.

75.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

76.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

77.

Plaintiff has a chronic serious health condition that required Plaintiff to take time off work.

78.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on or about December 18, 2020, when she provided medical certification of her serious health condition and her need for accommodations.

79.

Defendant again receive notice of Plaintiff's need for protected medical leave on May 24, 2021, when she provided medical certification of her need for intermittent FMLA leave, as well as her need  terminated Plaintiff's employment 7 days later, even though she was qualified under the FMLA for such leave.

80.

Defendant terminated Plaintiff's employment as a result of her requests for medical leave, and/or to avoid having to accommodate Plaintiff's respective rights to protected medical leave.

81.

Defendant interfered with rights protected under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq., entitling Plaintiff to all appropriate relief under the statute.

82.

The effect of Defendant's actions has been to deprive Plaintiff of a job, as well as income in the form of wages, health insurance, prospective retirement benefits, social security, and other benefits due to her solely because of her right to leave under the FMLA.

83.

As a result, Plaintiff is entitled to both equitable and monetary relief for Defendant's violation of the FMLA, specifically 29 U.S.C. § 2617(a)(1)(A) and (B) – including, but not limited to, back pay, front pay or reinstatement, attorneys' fees and costs of litigation.

## **COUNT IV:  FMLA RETALIATION**

84.

Plaintiff re-alleges paragraphs 1-31 as if set forth fully herein.

85.

Defendant is an 'employer' as defined by the FMLA.

86.

Plaintiff was an eligible employee under the FMLA.

87.

Plaintiff worked at least 1250 hours for Defendant within the 12 months preceding her request for medical leave pursuant to the FMLA.

88.

Plaintiff was employed by Defendant for more than 12 months.

89.

Plaintiff was employed by Defendant at a worksite with 50 or more employees within 75 miles of that worksite.

90.

Because Plaintiff was an eligible employee, Plaintiff was entitled to medical leave and other protections pursuant to the FMLA, 29 U.S.C. § 2601, et seq.

91.

Plaintiff had a medical condition that required Plaintiff to take time off work.

92.

Plaintiff had a serious medical condition as defined by the FMLA.

93.

Defendant received notice of Plaintiff's need for protected medical leave for her medical condition on or about before May 17, 2021.

94.

Defendant terminated Plaintiff's employment because of her request for medical leave, and/or to avoid providing Plaintiff's with intermittent leave.

95.

A substantial or motivating factor in Defendant's termination of Plaintiff's employment was her exercise of rights to leave pursuant to the FMLA.

96.

Defendant's termination of Plaintiff's employment constitutes unlawful retaliation against Plaintiff for her attempt to exercise her rights to protected medical leave under the FMLA, in violation of 29 U.S.C. §2615(a).

97.

As a direct and proximate result of Defendant's unlawful retaliation against Plaintiff, Plaintiff has been damaged and is entitled to all relief afforded under the FMLA.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment as follows:

(a) General damages for mental and emotional suffering caused by Defendant's misconduct;

(b) Punitive damages based on Defendant's willful, malicious, intentional, and deliberate acts, including ratification, condonation and approval of said acts;

(c) Special damages for lost wages and benefits and prejudgment interest thereon;

(d) Liquidated damages in an amount equal to Plaintiff's lost wages;

(e) Reasonable attorney's fees and expenses of litigation;

(f) Trial by jury as to all issues;

(g) Prejudgment interest at the rate allowed by law;

(h) Declaratory relief to the effect that Defendant has violated Plaintiff's statutory rights;

(i) All equitable relief available under the ADA and/or FMLA, including injunctive relief of reinstatement, or front pay in lieu thereof, and prohibiting Defendant from further unlawful conduct of the type described herein; and

(j) All other relief to which she may be entitled.

21

Respectfully submitted the 24th day of October, 2022.

**BARRETT & FARAHANY**

s/ *Matthew C. Billips*

Matthew C. Billips
Georgia Bar No. 057110

*Counsel for Carmen Bethancourt*

P.O. Box 530092
Atlanta, Georgia 30353
(404) 214-0120
matt@justiceatwork.com